IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CR-311-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| ANTHONY S. WHITAKER, | ) | |
| | ) | |
| Defendant. | ) | |

On February 3, 2026, Anthony S. Whitaker ("Whitaker") moved pro se to reduce the monthly garnishment amount under the court's amended order in garnishment concerning monthly annuity payments Whitaker receives from Consolidated Edison of New York ("ConEd") [D.E. 85]. See [D.E. 84]. On March 27, 2026, the United States responded in opposition [D.E. 88]. As explained below, the court denies Whitaker's motion.

On February 29, 2024, with a written plea agreement, Whitaker pleaded guilty to conspiracy to commit wire fraud. See [D.E. 15, 19, 20]. In the plea agreement, Whitaker agreed to pay restitution "to any victim in whatever amount the [c]ourt may order" under 18 U.S.C. §§ 3663, 3663A. See [D.E. 19] ¶ 2b. On May 23, 2024, the court held Whitaker's sentencing hearing and adopted the facts as set forth in the Presentence Investigation Report ("PSR") except as to paragraph 33. See PSR [D.E. 25]; [D.E. 29]; [D.E. 33] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B).[1] After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitaker to 21 months' imprisonment, three years' supervised release, a $10,000 fine, and restitution in the amount of $397,310.62 to be paid in $1,500 installments beginning 60 days after

---

[1] Paragraph 33 of the PSR stated that Whitaker's personal affects were worth $3,345,800. See PSR ¶ 33. The court adjusted that amount to $300,000. See [D.E. 33] 1.

Whitaker's release from prison. See [D.E. 32].

Whitaker receives a monthly annuity of $10,627.49 from ConEd. See [D.E. 78] 4. The monthly net payment is $9,267.89. See id. at 2. In May 2031, the monthly payment will decrease to $6,900.26. See id. On June 23, 2025, the court entered a final order in garnishment concerning Whitaker's ConEd annuity. See [D.E. 82]. The court ordered ConEd to pay the United States 25% of Whitaker's earnings until Whitaker's restitution balance is satisfied, ConEd "no longer has custody, possession or control of any property belonging to [Whitaker,] or until further [o]rder of the [c]ourt." Id. at 1.

On December 19, 2025, the United States moved to alter or amend the court's June 23, 2025 order and asked the court to reduce the monthly garnishment amount to $1,500. See [D.E. 83] 2. On the same day, the court entered an amended order in garnishment reducing the monthly garnishment amount to $1,500. See [D.E. 84] 1.

On February 3, 2026, Whitaker moved to reduce the monthly garnishment amount to $500 and filed exhibits in support. See [D.E. 85] 1. The exhibits detail Whitaker's monthly expenses and his experiences and contributions as a first responder to the September 11, 2001 terrorist attacks on New York City. See [D.E. 85-1] 5; [D.E. 86]; [D.E. 86-1] 1–21. On March 27, 2026, the United States responded in opposition and filed an exhibit in support. See [D.E. 88]; [D.E. 89].

The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A, mandated restitution for Whitaker's crime. See 18 U.S.C. § 3663A(a)(1). The Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 et seq., permits the court to "issue a writ of garnishment against property (including nonexempt disposable earnings) in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in

2

order to satisfy the judgment against the debtor." 28 U.S.C. § 3205(a). "'Nonexempt disposable earnings' means 25 percent of disposable earnings." Id. § 3002(9); see also id. § 3002(5)–(6) (defining "disposable earnings" and "earnings"). A defendant may object to the writ of garnishment or move to quash the writ of garnishment under various statutory exemptions. See, e.g., United States v. Jennings, 755 F. Supp. 3d 922, 926 (E.D.N.C. 2024).

The court followed the statutory procedures for entering the order in garnishment concerning Whitaker's ConEd pension. Whitaker does not argue that the garnishment order is invalid or should not apply. And Whitaker did not object to the writ of garnishment or move to quash it. Although the court has discretion to modify the garnishment amount, Whitaker fails to demonstrate that the $1,500 monthly garnishment amount is unreasonable. Cf. [D.E. 85-1] 5; [D.E. 89] 1–17. Thus, the court denies Whitaker's motion.

In sum, the court DENIES defendant's motion to reduce the monthly garnishment amount [D.E. 85].

SO ORDERED. This 19 day of April, 2026.

JAMES C. DEVER III
United States District Judge

3